# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2011

No. 10-50241
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KELVIN DELEON-SANTOS, also known as Kelvin De Leon-Santos,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3230-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges

PER CURIAM:[1]

Kelvin Deleon-Santos appeals from the sentence imposed following his guilty plea conviction for illegal reentry. The district court sentenced him to forty-one months of imprisonment and three years of supervised release. He raises four challenges to his sentence on appeal. We conclude that none has merit and affirm his sentence.

First, Deleon argues that the district court committed a significant procedural error by treating the Sentencing Guidelines as mandatory.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Examination of the record shows that Deleon's argument lacks a factual basis. The district court explained to Deleon at the sentencing hearing that it had "the discretion to sentence outside of the Guidelines."

Next, Deleon criticizes the district court for failing to explicitly reference the factors enumerated in 18 U.S.C. § 3553(a) during the sentencing hearing. But the district court stated that it intended to impose a sentence that would "accomplish all of the purposes of the sentencing statute." We have rejected the notion that the Guidelines require the district court to "engage in robotic incantations that each statutory factor has been considered." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (citation and internal quotation marks omitted). Where, as here, the district court imposes a within-Guidelines sentence, we presume that it considered all of the § 3553(a) factors. *See Rita v. United States*, 551 U.S. 338, 350–51. Deleon has not rebutted that presumption.

Third, Deleon argues that the district court ran afoul of *United States v. Booker*, 542 U.S. 296 (2004), by finding that Deleon had a prior conviction for a crime of violence and imposing a 16-level sentence enhancement based on that prior conviction pursuant to § 2L1.2(b)(1)(a)(ii) of the Guidelines. In actuality, the district court concluded that Deleon had a prior felony drug-trafficking conviction for which the sentence imposed exceeded 13 months and imposed the sentence enhancement pursuant to § 2L1.2(b)(1)(a)(I). Its decision to do so was not error. A district court may rely on the fact of a prior conviction even where that fact has not been found by a jury, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and the characterization of that prior conviction for Guidelines purposes is a question of law not subject to the limitations of *Booker* and *Apprendi*, *see United States v. Guevara*, 408 F.3d 252, 261 (5th Cir. 2005). There is no Sixth Amendment problem here.[2]

---

[2] Even if the proper characterization of a conviction were a question of fact, a district court is free to rely on a fact not found by the jury so long as that fact does not increase the sentence beyond the statutory maximum, *United States v. Dison*, 573 F.3d 204, 209 (5th Cir.

No. 10-50241

Finally, Deleon argues in his reply brief that the district court should have refused to apply the § 2L1.2(b)(1)(A) sentence enhancement because it is not based upon empirical data. This court generally does not consider issues raised for the first time in a reply brief. *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010). Even if we were to consider Deleon's argument, it would fail. We have previously rejected the argument that § 2L1.2's lack of empirical foundation renders its application unreasonable. *See, e.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

The judgment of the district court is AFFIRMED.

---

2009), and the fact of Deleon's prior conviction did not increase his sentence past the 20-year statutory maximum, *see* 8 U.S.C. § 1326(b)(2).